## HOUGHTON v. McAULIFF.

### September, 1863.

Under the provisions of 1 *R. S.* 591, respecting moneyed corporations, a transferee of a note for more than one thousand dollars, which was on its face payable to such a corporation, and which was transferred without authority of the board of directors, cannot recover thereon against the makers, without proof that he took it in good faith, and for value.*

Amory Houghton sued Michael McAuliff and John W.

---

* Compare Ogden v. Raymond, in this series; also, City Bank of New Haven v. Perkins, 29 *N. Y.* 454; Wood v. Wellington, 30 *Id.* 223; Brookman v. Metcalf, 32 *Id.* 591; and see Sanford v. Sanford, 45 *N. Y.* 723.

To render void the transfer of a note by an insolvent corporation to a *bona fide* holder for value (under 1 *R. S.* 591, § 9), it is necessary that the transfer should have been made, not only when the institution was insolvent, or contemplated insolvency, but with the intent of giving a preference to a particular *creditor* over other creditors of the company. Marine Bank v. Clements, 31 *N. Y.* 33.

Wheelock, in the New York superior court, on a note made by them, dated October 1, 1855, for one thousand dollars, payable to the International Insurance Company or order, and indorsed by Avery, the president, and Rollo, the secretary. It appeared on the trial that the note was valid in the hands of the company; that Avery, who made a large claim against the company, without authority took from their possession and appropriated to his own use this and other securities to an amount exceeding his claim, and refused to give them up; and finally required the executive officers of the company to accept a note from him for the excess, in settlement. This settlement was subsequently discussed in the board of directors, but the board took no action on it. Evidence was given that a broker had purchased this note, and sold it again; but nothing to show how plaintiff acquired it. Plaintiff was nonsuited.

*John H. Reynolds,* for plaintiff, appellant.

*Gilbert Dean,* for defendants, respondents.

BY THE COURT.—DAVIES, J.—The note in controversy bears evidence upon its face that, at the time of its negotiation, it was the property of the insurance company. It contained the promise of the defendants to pay to the International Insurance Company, or order, the sum of one thousand dollars. This insurance company was made subject to the provisions of the statute relative to moneyed corporations. 1 *R. S.* p. 598, § 51; *L.* 1844, p. 229, and 1855, p. 505; Mutual Insurance Company of Buffalo *v.* Supervisors of Erie, 4 *N. Y.* 442; Brouwer *v.* Harbeck, 9 *N. Y.* 589. By section 8, article 1, of the act relative to the insolvency of moneyed corporations (1 *R. S.* 591), it is declared that no assignment or transfer of any of the effects of such corporation exceeding in value the sum of one thousand dollars, shall be made, which was not authorized by a previous resolution of its board of directors; and section 10 declares that any director who shall violate, or be concerned in violating, any provision of the preceding section, shall be liable personally for any loss the corporation may sustain from such violation; and section 11 declares, that every director guilty of violation, whether a loss shall or shall not result, shall be

Houghton *v.* McAuliff.

guilty of a misdemeanor, punishable by fine or imprisonment, or both, in the discretion of the court. The note in suit, with others to a large amount, was never at any time assigned or transferred by the authority of the board of directors. They were taken by Avery, a director, under such circumstances as made such taking on his part a criminal offense. There was never any previous resolution of the board authorizing the taking of them by him, and he was therefore subject to the penalties prescribed by the statute for such unlawful taking. It seems hardly necessary to add that such illegal taking conferred no title upon him to the notes so taken and received by him. Gillett *v.* Phillips, 13 *N. Y.* 116. Having no title to the note in controversy, he could confer none upon any person taking the note from him, and it would, consequently, be void in the hands of all persons receiving it, unless they brought themselves within the exception of the last clause of section 8. This exception is, that the provisions of that section shall not be construed to render void the assignment or transfer in the hands of a purchaser for a valuable consideration and without notice. *Prima facie,* the note being the property of the company, and having been transferred or assigned unlawfully, it is void in the hands of the assignee or holder. If he wishes to relieve himself from the illegality which the statute has impressed upon the transaction, he must bring himself within the exception contained in it, by showing that he is a *bona fide* purchaser of this particular piece of property of the company In other words, he must show that he purchased it for a valuable consideration, and without notice of the facts, which the statute declares renders the transfer void and illegal.

The plaintiff in this action has not done this, nor made any attempt to do it. He does not adduce any state of facts or circumstances which show, or tend to show, that he stands in any better position than Avery himself in reference to this note. He cannot, therefore, maintain an action upon it.

The nonsuit was correctly granted, and the judgment thereon should be affirmed, with costs.

All the judges concurred, except EMOTT, J., not voting.

Judgment affirmed, with costs.